While I agree with the majority's disposition of plaintiff's appeal, I do so for slightly different reasons, so I write separately.
I find Walters v. City of Eaton, Preble App. No. CA2001-6-12, 2002-Ohio-1338 pertinent here. Addressing the first tier of the analysis under R.C. Chapter 2744, Walters specifically states that "[t]he maintenance and repair of the manhole at issue is a governmental function under R.C. 2744.01(C)(2)(e)," which provides that a governmental function includes "regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys,sidewalks, bridges, aqueducts, viaducts, and public grounds." (Emphasis added.) Walters then looked to the exceptions to the general rule of immunity contained in former R.C. 2744.02(B)(3), which imposes liability for "failure to keep the * * * sidewalks * * * in repair, and free from nuisance." Because the applicability of both sections is premised on the manhole being part of a sidewalk and not a sewer, Walters necessarily determined the same issue presented in plaintiff's appeal. To the extent plaintiff's case involves a sidewalk, the city is immune from liability under the current R.C. 2744.01, as amended since Walters. *Page 9 
Even if plaintiff's action involves a sewer, not a sidewalk, the trial court erred in denying the city's motion for summary judgment. Plaintiff's complaint alleged that the city was negligent in maintaining the sidewalk on which plaintiff fell. The city responded with its motion for summary judgment, contending maintenance of a sidewalk is a governmental function for which the city is immune under R.C. Chapter 2744. See R.C. 2744.02(B)(3), as amended (deleting maintenance of sidewalks as an exception to general immunity).
Apparently recognizing the weakness in her case, plaintiff's response to the summary judgment motion claimed the manhole on which she fell was part of the sewer, not the sidewalk. Even if the manhole is assumed to be part of the sewer, the city is liable only for the negligent failure to maintain the sewer, because design of the sewer would fall under the definition of a governmental function in R.C. 2744.01(C)(2)(i). Plaintiff therefore was obliged to set forth evidence creating a genuine issue of fact that the manhole was not properly maintained. Plaintiff, however, did not present any such evidence. In the absence of evidence suggesting a triable issue on the city's alleged failure to properly maintain the manhole, the city is entitled to summary judgment. For the stated reasons, I agree with the majority's determination that the judgment of the trial court be reversed and judgment be entered for the city. *Page 1